**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LETICIA RODAS and CARLOS RODAS** | : | CA 08 019 T |
| | : | |
| **v.** | : | **C.A. No.: 07-** |
| | : | |
| **NATIONAL RAILROAD PASSENGER CORPORATION, also known as AMTRAK; and RICHARD SARAN, ALIAS individually and as agent of National Railroad Passenger Corporation** | : | |

**ANSWER TO COMPLAINT OF DEFENDANTS AND COUNTERCLAIM**

Defendants National Railroad Passenger Corporation (hereinafter "Amtrak") and Richard Saran, through their attorneys, Edwards Angell Palmer & Dodge, LLP, herein answer the complaint as follows

1. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1 and therefore leave the plaintiffs to their proof thereof.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit that said vehicle was registered in the name of the defendant Amtrak. Defendants admit that defendant Richard Saran operated said vehicle with the consent of Amtrak. Defendants deny the remaining allegations set forth in paragraph 4.

WHEREFORE, Defendants demand judgment on the complaint together with costs and other relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs assumed the risk of injury and, therefore, the recovery must be denied.

2. Plaintiffs were comparatively and/or contributorily negligent and, therefore, the recovery must be denied or reduced accordingly.

3. Plaintiffs failed to mitigate their damages and, therefore, the recovery must be denied or reduced accordingly.

4. Plaintiffs' damages, if any, are reasonably capable of being apportioned amongst the acts or omissions of the defendants and other causes and/or pre-existing conditions pursuant to section 433A of the Restatement (Second) of Torts and the doctrine developed by the Rhode Island Supreme Court in Wilson v. Krasnoff, 560 A.2d 335 (R.I. 1989). Plaintiffs can have no recovery for damages attributable to other causes or pre-existing conditions.

5. Because the Plaintiff's conduct proximately caused the accident, Plaintiffs are estopped from prosecuting the within action.

6. Because the Plaintiff's conduct proximately caused the accident, Plaintiffs cannot prosecute the within action pursuant to the equitable doctrine of unclean hands.

7. Defendants affirmatively plead that the Plaintiffs have been paid by collateral sources for their damages and pursuant to the terms of any such payments, Plaintiffs lack the legal standing to prosecute all or some of their claims herein.

COUNTERCLAIM OF DEFENDANTS AGAINST PLAINTIFFS

1. The Plaintiff is claiming that the negligence of the Defendant, Richard Saran, while operating the Defendant, Amtrak's vehicle with the consent of Amtrak, caused the Plaintiffs to incur personal injuries and property damages which allegations are denied by the Defendants.

2. Defendants deny the allegations of the Plaintiff and assert that the negligence of the Plaintiff in operating the Plaintiff's vehicle proximately caused the accident of February 22, 2007.

3. As a consequence of the negligence of the Plaintiffs, Defendant Amtrak has incurred property damages to its vehicle.

4. Defendant's counterclaim is properly before this Court pursuant to 28 U.S.C. § 1441(c).

WHEREFORE, Defendant demands judgment against the Plaintiffs in an amount sufficient to compensate the Defendant for its damages, plus interest thereon, and costs of suit and any further relief the Court deems just and proper.

DEFENDANTS HEREIN CLAIM A TRIAL BY JURY ON ALL CLAIMS AND COUNTS SO TRIABLE.

DEFENDANTS,

NATIONAL RAILROAD PASSENGER CORPORATION AND RICHARD SARAN,

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2008 I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the below named counsel.

TO: Christopher E. Fay, Esq.
Fay Law Associates, Inc.
915-917 Reservoir Avenue
Cranston, RI 02910

Andrew J. Murray.